UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 98<br>ANNUITY FUND, PENSION FUND,<br>HEALTH AND WELFARE FUND and<br>JOINT TRAINING, RETRAINING, SKILL<br>IMPROVEMENT, SAFETY<br>EDUCATION, APPRENTICESHIP AND<br>TRAINING FUND by Barbara Lane, as<br>Administrator, INTERNATIONAL<br>UNION OF OPERATING ENGINEERS<br>LOCAL 98 AND EMPLOYERS<br>COOPERATIVE TRUST, by Donald<br>Mason and Eugene P. Melville, Jr., as<br>Trustees, CENTRAL PENSION FUND<br>OF THE INTERNATIONAL UNION OF<br>OPERATING ENGINEERS AND<br>PARTICIPATING EMPLOYERS, by<br>Michael R. Fanning, as Chief Executive<br>Officer, and INTERNATIONAL UNION<br>OF OPERATING ENGINEERS LOCAL<br>98, AFL-CIO, by Eugene P. Melville,<br>Jr., as Business Manager,<br>Plaintiffs | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | Civil Action No. 10-30243-MAP |
| v. | )<br>) | |
| SHAWN'S LAWNS, INC., SEAN M.<br>WENDELL,<br>Defendants | )<br>)<br>)<br>) | |

REPORT AND RECOMMENDATION WITH REGARD TO
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Document No. 10)
March 21, 2012

NEIMAN, U.S.M.J.

      This action has been referred to this court by District Court Judge Michael A.

Ponsor for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)

regarding a motion for the entry of a default judgment brought by the International Union of Operating Engineers, Local 98 Pension, Annuity, Health and Welfare and Training Fund, *et al.* ("Plaintiffs").  Shawn's Lawns, Inc. ("Shawn's Lawns") and Sean M. Wendell ("Wendell") (together "Defendants") have not filed an appearance or otherwise responded to the complaint, although Wendell himself did appear on December 28, 2011 when the court first considered the motion.  At the time, the court gave Defendants until January 20, 2012, to have counsel file an appearance on their behalf, or at least on behalf of the corporate defendant, so as to file a motion to remove the previously entered default.  No such appearance has been filed, nor has Wendell himself filed a motion to remove the default.  For the reasons described below, the court will recommend that a default judgment enter against Defendants and in Plaintiffs' favor in the amount of $351,984.37 and that certain injunctive relief be awarded as well.

## I. BACKGROUND

The complaint filed by Plaintiffs on December 28, 2010, has six causes of action. The first and second causes of action allege that Defendants owe Plaintiffs for unpaid contributions, plus interest and liquidated damages for those contributions and untimely paid contributions as well, resulting from Defendants' failure to abide by the terms of a collective bargaining agreement ("CBA").  The CBA requires Shawn's Lawns, and Wendell as fiduciary, to make contributions to a multi-employer pension plan.  The failure to do so violates section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145.  The second cause of action seeks an audit of Shawn's Lawns' books and records relative to the contributions which Defendants are

required to make. The fourth and fifth causes of action allege that Wendell is personally liable for the funds because he breached his fiduciary duties to Plaintiffs pursuant to sections 1104, 1106 and 1109 of ERISA. Finally, the sixth cause of action seeks an injunction requiring Defendants to comply with their contractual obligations.

On March 28, 2011, Plaintiffs, having obtained a default against Defendants, filed the instant motion for default judgment, accompanied by a memorandum of law. In addition to the hearing held on December 28, 2011, the court held a hearing on March 20, 2012, to ensure that there was a basis for the damages sought by Plaintiffs.

## II. FINDINGS OF FACT

From the information presented in the file and at the evidentiary hearing, the court makes the following findings of fact. Shawn's Lawns is party to the CBA with the International Union of Operating Engineers Local 98, AFL-CIO ("Union"). Pursuant thereto, Shawn's Lawns is required to pay stipulated amounts to multi-employer plans for each hour worked by each of its employees. Shawn's Lawns is also required to deduct stipulated dues and "Social Action Fund" monies from each of its employee's wages and to pay those amounts to the Union.

If Defendants fail to remit, as required, they are liable for payment of the unpaid contributions due as well as the following: (1) interest on the unpaid and untimely paid contributions due to the Annuity Fund, Pension Fund, Health and Welfare Fund, and Training Fund of the International Union of Operating Engineers Local 98 ("Local 98 Plans"), calculated at the rate of one and one-half percent (1 and 1/2%) per month; (2) the greater of interest on the unpaid and untimely paid Local 98 Plans contributions

or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (3) interest on the unpaid and untimely paid contributions due to the Central Pension Fund, calculated at the rate of nine percent (9%) per annum; (4) the greater of interest on the unpaid and untimely paid Central Pension Fund contributions, or liquidated damages equal to twenty (20%) of those delinquent contributions; (5) interest on the unpaid and untimely contributions due to the Local 98 Employees Cooperative Trust ("ECT"), calculated at the rate of eighteen percent (18%) per annum; (6) interest on the unpaid and untimely paid Union dues deductions and the Social Action Fund monies, calculated at the rate of twelve percent (12%) per annum; and (7) costs and fees of collection, audit fees, and attorneys' and paralegal fees.[1]

By executing the CBA, Shawn's Lawns, and Wendell as fiduciary, agreed to abide by the rules and regulations of the Funds' Board of Trustees and bound itself to the terms and conditions of the Agreements and Declarations of Trust and the Collections Policy incorporated therein. In particular, Defendants are liable for all attorneys' fees, auditing fees, and costs incurred by the Funds. In addition, Defendants

---

[1] The interest, liquidated damages, attorneys' fees and costs, including paralegal fees are calculated in accordance with the CBA, 29 U.S.C. § 1132(g)(2), the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, the Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, the Restated Agreement and Declaration of Trust of the Local 98 Engineers Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund, and the International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy.

are obligated to permit the Funds, on demand, to check, examine and audit its books, records, papers and reports as may be necessary to permit the Funds to determine whether they made full payment to the Funds in the required amount, including, but not limited to, its payroll records, time cards, accounts payable records, general ledger, cash disbursements journal, hours report, and any other records relating to hours worked by all employees, including Union, non-Union, bargaining unit and non-bargaining unit employees, of Shawn's Lawns. Defendants are also contractually liable to pay the cost and expenses of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Funds in obtaining the audit. Finally, in accord with the CBA, the Agreements, the Declarations of Trust and 29 U.S.C. § 1132(g)(2), Defendants are liable for all attorneys' fees and costs incurred in collecting the debt.

## III. DISCUSSION

The court will recommend that Defendants be held liable to Plaintiffs for violations of the CBA and 29 U.S.C. § 1145. More specifically, Plaintiffs are seeking -- with regard to the first, second, fourth, and fifth causes of action -- a default judgment in the amount of $356,051.40, calculated as follows:

Unpaid Contributions and Deductions          $      134,261.66[2]

---

[2] Plaintiffs initially sought $250,696.71 but received $116,435.05 from a third party in partial satisfaction of Defendants' debt regarding unpaid contributions. As a result, Plaintiffs now seek unpaid contributions only in the amount of $134,261.66. However, as Plaintiffs note, the partial satisfaction of unpaid contributions does not alter the calculations for interest and liquidated damages, as those calculations are based on contributions unpaid at the time of filing the action and untimely paid prior to entry of judgment. *See Iron Workers Dist. Council v. Hudson Steel Fabricators &*

| Interest | 69,944.70 |
| Liquidated Damages | 117,971.20 |
| Attorneys' Fees and Costs | 33,873.84 |
| | _____ |
| Total | $ 356,051.40 |

Plaintiffs are entitled to seek a default judgment for a "sum certain" pursuant to Fed. R. Civ. P. 55(b)(1) and there is no question that, but for the attorney's fees, the requested amount is such a sum. The court, however, will reduce the amount of attorney's fees requested. The court notes that the hourly rates charged by Plaintiffs' Partners, ranging from $252 per hour to $270 per hour are reasonable. *See Int'l Union of Operating Engineers, Local 98 Health & Welfare, Pension & Annuity Funds, et. al. v. Ray Haluch Gravel Co.*, 792 F. Supp. 2d 139, 140 (D. Mass. 2011) (case involving same plaintiffs' counsel and noting counsel's fees were "not problematic"). However, the court finds that the hourly rates charged for associate work -- which here are the same as that charged for partner work -- are excessive. The court will accordingly reduce that fee by a third. The court similarly finds excessive the hourly rates charged for paralegal work. Counsel charged $137 to $147 per hour and the court will reduce these to the rate of $100 per hour. *See id.* (finding excessive paralegal fees of $134 to $141 per hour and reducing these "to the more reasonable rate of $100 per hour.").

_____

*Erectors*, 68 F.3d 1502, 1506-07 (2d Cir. 1995) (joining the Fifth, Seventh, Eighth, and Ninth Circuits, all of which had "held or indicated that an employer cannot escape its statutory liability for interest, liquidated damages or double interest, attorney fees, and costs simply by paying the delinquent contributions before entry of judgment in a § 1132(g)(2) action brought to recover delinquent contributions.").

The court will therefore reduce the attorney's fees and costs sought by $4,067.03 and award attorney's fees and costs totaling $29,806.81.

In seeking a default judgment, Plaintiffs have also relied on 29 U.S.C. § 1132 (g)(2)(E) to the extent they seek equitable relief in their third and sixth causes of action. This provision of the ERISA statute provides for "other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). It is well settled that "equitable relief in this context includes an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records." *Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass LLC*, 635 F. Supp. 2d 21, 26 (D. Md. 2009); *Empire State Carpenters Welfare v. M.V.M. Contracting Corp*, 2011 WL 887726, at *2 (E.D.N.Y. Jan. 31, 2011) (recommending that the default judgment "include an order directing defendant to permit and cooperate in an audit of its books and records"); *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D. D.C. 2002) ("ERISA authorizes the court to provide for other legal or equitable relief as the court deems appropriate. This relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records.").

Having considered the evidence presented, the court will recommend that such equitable relief be granted as well. As described, the CBA requires monthly reporting and allows for field audits of contributing employees to ensure that all hours of employee participants are properly accounted for. Moreover, the court finds that an audit will enable Plaintiffs to determine other amounts which Defendants may owe in unpaid contributions. The injunctive relief sought is therefore justified.

IV. CONCLUSION

For the reasons stated, the court recommends that a default judgment enter in Plaintiffs' favor for $351,984.37 as well as the following equitable relief:

1.　　that Shawn's Lawns be required to produce its books and records for the period November 2009 to the date of judgment for Plaintiffs' review and audit, to pay the reasonable cost and expense of such audit, to pay all reasonable attorneys' and paralegal fees and costs incurred in obtaining that audit; and

2.　　that Defendants be liable for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees.[3]

DATED:　March 21, 2012

　　　　　　　　　　　　　　　　　　　/s/ Kenneth P. Neiman

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

KENNETH P. NEIMAN
U.S. Magistrate Judge